Filed 10/8/25  P. v. Diaz CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>　　v.<br><br>OSCAR ROMERO DIAZ,<br><br>　　　Defendant and Appellant. | B340351<br><br>(Los Angeles County<br>Super. Ct. No. VA098848-01) |

APPEAL from an order of the Superior Court of Los Angeles County, Andrew C. Kim, Judge.  Reversed with directions.

Jonathan Demson and Larry Pizarro, under appointments by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Scott A. Taryle, Supervising Deputy Attorney General, Viet H. Nguyen, Deputy Attorney General, for Plaintiff and Respondent.

In 2007 the People charged Oscar Romero Diaz with, among other crimes, two counts of attempted premeditated murder and alleged various firearm and gang enhancements. In 2008 Diaz pleaded no contest to two counts of attempted murder and admitted he personally used a firearm, within the meaning of Penal Code section 12022.53, subdivision (b).[1] The trial court sentenced him to concurrent prison terms of 19 years.

In April 2022 Diaz filed a petition for resentencing under section 1172.6, checking the appropriate boxes to establish his eligibility. The superior court appointed counsel for Diaz, the People conceded Diaz stated a prima facie case, and the court issued an order to show cause.

The superior court denied Diaz's petition. The court stated: "So the court's understanding in this case is that Mr. Diaz's participation in this crime was as the driver in a two-person drive-by shooting. Mr. Diaz was convicted of attempted murder. The question is: · Was Mr. Diaz an aider and abettor pursuant to the changes that were made to sections 188 and 189?" Citing two cases holding an aider and abettor who does not have the intent to kill can still under current law be convicted of second degree murder on an implied malice theory, *People v. Silva* (2023) 87 Cal.App.5th 632, 640, and *People v. Vizcarra* (2022) 84 Cal.App.5th 377, 390-392, the court found beyond a reasonable doubt Diaz was guilty of attempted murder. The court ruled:

---

[1] The passenger in a car Diaz was driving made a gang sign out the car window and shot a husband and wife who were putting up Christmas lights in their front yard. The shooter hit the wife in the face. She survived, and the couple described the incident at the preliminary hearing.

"The People have proven beyond a reasonable doubt that [Diaz] is guilty of attempted murder under California law as amended by the changes to sections 188 and 189 . . . .  [He] is not a person convicted of attempted murder under the natural and probable consequences doctrine or any other theory under which malice is imputed to a person based solely on that person's participation in the crime."

Attempted murder, however, "cannot be based on a theory of implied malice"; the defendant must intend to kill.  (*People v. Swain* (1996) 12 Cal.4th 593, 605; see *People v. Stone* (2009) 46 Cal.4th 131, 139-140 ["[i]mplied malice—a conscious disregard for life—suffices for murder but not attempted murder"]; *People v. Rogers* (2006) 39 Cal.4th 826, 869 [attempted murder requires the specific intent to kill]; *Swain*, at p. 605 [""'Specific intent to kill is a necessary element of attempted murder."'"]; *People v. Rodriguez* (2024) 103 Cal.App.5th 451, 456 ["Implied malice cannot support a conviction of attempted murder."]; *People v. Brito* (1991) 232 Cal.App.3d 316, 321 ["California courts have consistently held" there is no crime of "attempted murder based on implied malice"].)  As the People properly concede, the "superior court's recitation of the definition of implied malice, applicable to *completed* second degree murder, suggests that the court was unaware of the correct legal standards for attempted murder."  The superior court erred in finding Diaz was guilty of attempted murder on an implied malice theory.

The order denying Diaz's petition under section 1172.6 is reversed. The superior court is directed to conduct a new evidentiary hearing under the correct legal standard.


SEGAL, J.


We concur:



MARTINEZ, P. J.



STONE, J.